***E-FILED - 8/14/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ALAN MILLER, | ) | No. C 09-3145 RMW (PR) |
| Petitioner, | ) ) | ORDER OF TRANSFER |
| vs. | ) ) | |
| STATE OF SOUTH CAROLINA, | ) ) | |
| Respondent. | ) ) | |

Petitioner seeks to challenge a conviction from York County Superior Court in South Carolina, via a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is currently incarcerated in state prison in South Carolina, and he named the State of South Carolina as the respondent.

Even assuming this court has subject matter jurisdiction, it lacks personal jurisdiction. Because petitioner is challenging the conviction for which he is incarcerated in South Carolina, the proper respondent is the warden of the prison in South Carolina where he is incarcerated. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This court cannot obtain personal jurisdiction of petitioner's South Carolina custodian. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). Habeas jurisdiction does not extend to custodians outside the court's territorial limits. See Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999).

1  Accordingly, this case will be transferred to the United States District Court for the
2  District of South Carolina, a district that has personal jurisdiction over petitioner's respondent,
3  and where the petition "might have been brought."  See 28 U.S.C. § 1404.
4  IT IS SO ORDERED.
5  DATED:  8/12/09

*Ronald M. Whyte*
RONALD M. WHYTE
6  United States District Judge